IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEAN WHITLEY,

      Plaintiff,                   No. CIV S-09-2410 EFB (TEMP)

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.              <u>ORDER</u>

_____/

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively.  For the reasons discussed below, the court grants plaintiff's motion for summary judgment or remand, denies the Commissioner's cross-motion for summary judgment, and remands this matter under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

I.  <u>BACKGROUND</u>

      Plaintiff filed an application for disability benefits on February 1, 2006, alleging a disability onset date of August 17, 2004.  Administrative Record ("AR") 74-83, 111.  Her application was denied initially and upon reconsideration.  *Id.* at 55-58.  A hearing was held on

August 19, 2008 before Administrative Law Judge ("ALJ") L. Kalie Fong. *Id.* at 25-52. In a decision dated December 30, 2008, the ALJ determined plaintiff was not disabled.[1] *Id.* at 16-24.

The ALJ made the following specific findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since August 17, 2004, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. The claimant has the following severe impairments: status post microdiskectomy and chronic low back pain (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*
>
> ...

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

    4. The claimant does not have an impairment or combination of impairments that meets of medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526, 416.925 and 416.926).

...

    5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and avoid concentrated exposure to extreme heat and cold.

...

    6. The claimant is capable of performing past relevant work as a receptionist. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

...

    7. The claimant has not been under a disability, as defined in the Social Security Act, from August 17, 2004 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 18-24.

Plaintiff requested that the Appeals Council review the ALJ's decision. However, on May 13, 2009, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. *Id.* at 3-5.

This appeal followed. Among other assertions of error, plaintiff contends the ALJ improperly rejected the opinions of a treating and examining physician. Dckt. No. 16. This contention is dispositive and requires remand.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

////

1    The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

Plaintiff contends the ALJ improperly disregarded the opinion of treating physician Dr. Hwang and improperly discounted the opinion of examining physician Dr. Yabes. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester,* 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. *Id*. at 830. While a treating professional's opinion generally is accorded superior weight, if it is

4

1  contradicted by a supported examining professional's opinion (e.g., supported by different
2  independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d
3  1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  In
4  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
5  findings. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,
6  minimally supported opinion rejected); *see also Magallanes*, 881 F.2d at 751.  The opinion of a
7  non-examining professional, without other evidence, is insufficient to reject the opinion of a
8  treating or examining professional. *Lester*, 81 F.3d at 831.

9        Dr. Hwang, a physician at Kaiser who examined plaintiff on May 11, 2006, opined in a
10  medical report that plaintiff could participate in a modified work program but that she was
11  limited to four hours per day and twenty hours per week, was limited to standing/walking fifteen
12  minutes per hour and sitting fifteen minutes per hour and lifting/carrying was limited to ten
13  pounds. AR 336.  The ALJ did not expressly address this opinion in the written decision,
14  although the ALJ acknowledged at the hearing the existence of Dr. Hwang's residual functional
15  capacity assessment. AR 23, 50.  Defendant offers several bases, allegedly grounded in the
16  record, in support of the contention that the ALJ committed no error in failing to address Dr.
17  Hwang's opinion.  However, the court must review the adequacy of the reasons specified by the
18  ALJ, not the post hoc rationalizations of the agency offered in litigation. *See Bunnell v. Sullivan*,
19  947 F.2d 341, 345-46 (9th Cir. 1991); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.
20  2003) (court is constrained to review the reasons the ALJ asserts).

21        Defendant contends that Dr. Hwang should not be accorded treating physician status
22  because plaintiff was seen only once by this doctor.  However, Dr. Hwang is listed in plaintiff's
23  Kaiser medical chart as her primary care physician and referral was made by this doctor to
24  another Kaiser physician. AR 328, 333.  It also appears from the record that although plaintiff
25  was seen at various Kaiser facilities, plaintiff's confidential patient information was available for
26  review by Kaiser physicians. *See, e.g.*, AR 233, 239 (plaintiff seen at Kaiser in Redwood City,

imaging studies from Sacramento referenced). Under these circumstances, Dr. Hwang must be viewed as a treating physician and the ALJ committed error in failing to discuss the opinion of this treating physician, thereby precluding appropriate judicial review. AR 23 (in summarizing medical evidence, no mention made of Dr. Hwang's report); 24 (in discussing opinion evidence, ALJ failed to acknowledge less than sedentary capacity assessed by Dr. Hwang).

Further precluding meaningful review by this court is the ALJ's treatment of examining physician Dr. Yabe's opinion. AR 23. Dr. Yabes examined plaintiff on September 29, 2008 and assessed significant functional limitations that would preclude even sedentary work. AR 340-341. Dr. Yabes found plaintiff could lift less than ten pounds and had constant postural limitations and constant manipulative limitations to reaching. *Id.* The ALJ purported to accord Dr. Yabe's opinion controlling weight. AR 23. However, in rejecting Dr. Yabe's opinion regarding plaintiff's ability to work an eight hour day, the ALJ confusingly referred to Dr. Mitchell accepting as true plaintiff's alleged limitations. *Id.*; AR 284, 288. In addition, there is no explanation as to why Dr. Yabe's opinion that plaintiff could lift less than ten pounds was rejected by the ALJ despite according "controlling weight" to this opinion.

Because of the confusion created in the record by the ALJ's reference during the hearing to Dr. Hwang's report yet disregard of that opinion in the written decision and the unintelligible reasons for disregarding significant portions of Dr. Yabes "controlling" opinion, meaningful review of this matter is not possible. The matter will therefore be remanded so that the reasons given for the treatment of the various medical opinions may be properly set forth in a written decision. The court does not reach the remainder of plaintiff's arguments.[2]

---

[2] On remand, the ALJ must specifically address the reports of lay witnesses, including the statements of plaintiff's husband and friend and the observations of Social Security employees. AR 89, 127-134, 180-187. "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. This matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment for plaintiff.

DATED: February 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

condition). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." *Dodrill*, 12 F.3d at 919.

In addition, at step four of the sequential analysis, although the burden of proof lies with plaintiff, the ALJ must make factual findings to support a conclusion that plaintiff can perform her past relevant work. *See Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); see also S.S.R. 82-61, S.S.R. 82-62; *cf.* AR 122 (work as actually performed exceeds sedentary capacity).